O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GAIL LACHACZ, | ) | CASE NO. CV 09-01148 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of  Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

       The Administrative Law Judge found that Plaintiff suffered from degenerative disk disease of the cervical spine, with spinal stenosis [AR12 ], a finding Plaintiff does not challenge here. Plaintiff only challenges the Administrative Law Judge's determination of her residual functional capacity, and his determination that her testimony as to the disabling nature of her pain was not credible. Neither argument is persuasive.

       Plaintiff argues first that the Administrative Law Judge overstepped his bounds in determining Plaintiff's residual functional capacity because the record contains no medical source statement. (Plaintiff's Memorandum in Support of Complaint 3:20-5:5.) The record contains numerous medical records, and the Administrative Law Judge referred to them. [AR 13-14] It does not, however, contain a doctor's opinion of Plaintiff's residual functional capacity.

While the regulations make the determination of a residual functional capacity the province of the Administrative Law Judge, 20 C.F.R. § 416.927(e)(2), an Administrative Law Judge is not a doctor, and is not permitted to make medical judgments, but only legal judgments based on medical evidence. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). Thus, in general, an Administrative Law Judge *is* required to have a doctor's opinion of a claimant's functional capacity, in order for there to be substantial evidence supporting his decision. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996). There are two reasons that that rule is not applicable here.

First, if the medical evidence is not complicated, and its meaning is apparent to a lay person, the Administrative Law Judge can make a common-sense interpretation of the evidence, and find the claimant's residual functional capacity, without consulting a physician. *Manso-Pizarro, supra, citing Santiago v. Secretary of HHS*, 944 F.2d 1, 7 (1st Cir. 1991), and *Gordils v. Secretary of HHS*, 921 F.2d 327, 329 (1st Cir. 1990); *Armstrong v. Barnhart*, 287 F. Supp. 2d 881 (N.D. Ill. 2003). The evidence here fell within that category, and the Administrative Law Judge thoroughly discussed it. [AR 13-14] The only evidence of concern was an MRI of the cervical spine, that revealed mild spinal stenosis at several levels, but mild-to-moderate stenosis at only the C5-6 level. [AR 181] Even this MRI was of limited quality, according to the examiner, due to significant motion artifact. [*Id*.] As discussed by the Administrative Law Judge, further examinations in the succeeding few months showed normal motor strength in both arms, normal range of motion, and no atrophy. [AR 13-14] Thus, the record showed the sort of condition which a lay person *could*, in fact, interpret, without the aid of a further medical source.

Second, Plaintiff not only was represented at the hearing by counsel, she was represented by the same counsel who appears before the Court. Nowhere in the hearing did counsel suggest that the Administrative Law Judge needed to adduce testimony from a medical expert, or have Plaintiff see a further medical consultant. Even when the Administrative Law Judge posed a hypothetical question to the vocational expert that

assumed a residual functional capacity for light work, the same capacity that he later found Plaintiff possessed, counsel did not assert that a medical expert or consultant was needed. Even when the administrative record was held open for the receipt of further medical records, counsel did not suggest the need for a medical expert or consultant. It is a little late in the game to be doing so now.

Plaintiff also asserts that the Administrative Law Judge erred in discounting Plaintiff's statements as to her pain. Plaintiff did not appear at the hearing itself and the hearing went forward without her, with counsel's agreement. [AR 21] The pain statements counsel refers to, therefore, are those statements contained in questionnaires which were placed in the record. Assuming those statements carry the same weight as sworn testimony, nevertheless the Administrative Law Judge discharged his duty in assessing them.

The Administrative Law Judge found that the complaints of pain were out of proportion to the objective findings, and were not consistent with Plaintiff's treatment, which he stated was not as aggressive as would be expected if the pain were as disabling as Plaintiff's complaints made it out to be. [AR 14] Both of these findings had support in the record, and both are proper bases for discrediting a claimant's assertion as to the extent of her pain. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001) (inconsistency with objective evidence is a factor Administrative Law Judge may consider); *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (conservative medical treatment a factor Administrative Law Judge may consider). That there may be other potential interpretations of the evidence does not mean that the Administrative Law Judge erred. *Rollins, supra,* 261 F.3d at 857.

///
///
///
///

Since neither of Plaintiff's arguments provides a basis for overturning the Administrative Law Judge's decision, the decision is Affirmed.

IT IS SO ORDERED.


DATED: March 12, 2010

```
                                        _____
                                             RALPH ZAREFSKY
                                     UNITED STATES MAGISTRATE JUDGE
```